OPINION
Defendant Arthur C. McKnight appeals a judgment of the Court of Common Pleas of Richland County, Ohio, convicting and sentencing him for one count of trafficking in drugs in violation of R.C. 2925.03, selling an amount of cocaine greater than 5 grams but less than 100 grams, in the vicinity of a school, and one count of trafficking in drugs in violation of R.C. 2925.03, arising out of a sale of cocaine of less than 5 grams, in the vicinity of a school. Appellant was tried before a jury. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1:
 APPELLANT WAS DEPRIVED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL BY DEFENSE COUNSEL'S FAILURE TO PURSUE THE DEFENSE OF ENTRAPMENT.
ASSIGNMENT OF ERROR NO. 2:
 THE VERDICTS ARE NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE.
At trial, the State presented evidence appellant sold a confidential informant cocaine on two occasions at the Merrott Inn in Mansfield, Richland County, Ohio. Appellant stipulated that the Merrott Inn is in the vicinity of a school as defined in the Revised Code.
 I
In his first assignment of error, appellant urges his trial counsel was ineffective because, on opening statement, the defense counsel told the jury one of the issues for their consideration was the question of entrapment. Defense counsel also moved for an acquittal pursuant to Crim. R. 29 at the close of the State's case, arguing the evidence demonstrated entrapment. Defense counsel called no witnesses, and did not argue the issue of entrapment in his closing arguments to the jury. Appellant did not request a jury instruction on the issue of entrapment. Appellant urges arguing entrapment on opening statement, is tantamount to conceding the appellant's involvement in the offense, and thus, counsel's failure to pursue the issue of entrapment constituted a fundamental deficiency in counsel's performance.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court devised a two-prong test requiring an appellant to show both that counsel's representation falls below an objective standard of essential duty to his client, and also that the sub-standard performance actually prejudiced the appellant's ability to receive a fair and reliable trial. The Ohio Supreme Court has adopted the Strickland test, see State v. Bradley (1989), 42 Ohio St.3d 136.
The State points out the defense of entrapment is available where the idea of criminal conduct originated with government officials who implanted the idea into the mind of an individual who was not pre-disposed to commit the proposed crime, see State v. Doran (1983),5 Ohio St.3d 187. An accused is not entitled to a particular jury instruction unless there was evidence presented at trial to support the instruction, State v. Melchoir (1978), 56 Ohio St.2d 15.
We have reviewed the record, and we find defense counsel's performance was not deficient. After defense counsel cross-examined the State's witnesses, counsel apparently decided the issue of entrapment was not viable. We find the evidence does not support the defense of entrapment and appellant was not entitled to a jury instruction on this issue.
The first assignment of error is overruled.
 II
In the second assignment of error, appellant urges the jury verdicts are not supported by the weight of the evidence. In State v. Thompkins
(1997), 78 Ohio St.3d 380, the Ohio Supreme Court explained weight of the evidence concerns the amount of credible evidence offered in a trial in support of one side of the issue. Weight of the evidence is addressed to the fact finder, here, the jury.
Appellant characterizes the State's case against him as being based solely on the uncorroborated testimony of the confidential informant, a dubious witness. The State responded in addition to the confidential informant, the State presented the testimony of three law enforcement officers who worked for Metrich, a nine-county task force administered primarily by the Mansfield Police Department. The confidential informant wore a wireless microphone, and Metrich officers listened to the exchange between the informant and appellant, as well as observing the exterior of the Merrott Inn.
We have reviewed the record, and we find there was sufficient competent and credible evidence presented on each element of the offenses charged for the jury to reasonably conclude appellant was guilty beyond a reasonable doubt.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.
 __________________________ By Gwin, P.J.
Edwards, J., and Boggins, J., concur